**Xiao–Feng LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–41082AG.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan C. Cassell, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Xiao–Feng Lin, a native and citizen of the People's Republic of China ("China"), petitions for review of the BIA's November 19, 2003 order affirming the decision of

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

an immigration judge ("IJ") that denied Lin's claims for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). Lin alleges that he was persecuted on account of his Christian faith. The IJ found Lin did not demonstrate eligibility for the relief he sought. We review only Lin's appeal of the asylum finding.[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the IJ's and BIA's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. s 1252(b)(4)(B). Questions of law and the application of law to fact are reviewed *de novo. See Secaida–Rosales*, 331 F.3d at 307.

In the present case, since the BIA did not affirm or adopt the IJ's credibility finding, this Court proceeds as if Lin's testimony was credible. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

The BIA's finding that Lin failed to meet his burden of proof for asylum because "he did not establish his claims based on his two-week detention in 1998" is improper. The Board did not explain whether it had found that Lin failed to meet his burden of proof because he had not shown that his persecution was "on account of" his Christian faith, or because he had not shown that he was persecuted. If the BIA's decision was predicated on the former, then the decision is erroneous, since Lin was found to be credible, and he testified that he was arrested, detained and interrogated for his religious activities. If the BIA's decision was based on the latter, then the Board's failure to explain why Lin's two-week detention for his Christian activities does not amount to persecution leaves this Court with no basis for review. Moreover, the BIA failed to consider Lin's credible testimony related to other incidents that might amount to persecution on account of his religion: e.g., his flight from the police who sought to arrest him after he co-organized and co-led a demonstration protesting the arrest of several members of his religious group and the police search for him at his house after he fled from the scene of the demonstration. Further, the BIA failed to consider petitioner's claim to a well-founded fear of persecution.

Because of the above errors in the BIA's decision, we grant the petition, vacate the BIA's decision, and remand to the BIA for further proceedings in accordance with this decision.

---

**2.** Although petitioner's brief raises the denial of both his claim for asylum and for withholding of removal, in his appeal to the BIA, he raised only his claim for asylum. *See* Petitioner's Brief at 3. Before a petitioner can seek judicial review of his removal decision, he must exhaust all administrative remedies available. 8 U.S.C. § 1252(d). In *Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004), this Court held that a petitioner must have presented an issue below to raise it on appeal, *see Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005), and in *Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir. 2004), the Court held that the statutory exhaustion requirement precludes a petitioner from bypassing the administrative review process altogether. Therefore, since Lin did not exhaust his claim for withholding of removal below, this Court cannot review that claim.